In the Matter of the Estate of RAYMOND BLACKWOOD, Deceased.

Surrogate's Court, New York County, March 14, 1934.

*John T. Magan,* for the executor.

*Szerlip & Szerlip,* for the contestant Anastasia Lillian Blackwood.

*John J. Cunneen,* for the contestants Marion J. Maloy and others.

DELEHANTY, S. The will of deceased, dated May 12, 1932, was offered for probate in this court following his death September 23, 1933. Deceased's executor first challenged the status of Anastasia Lillian McLaughlin Blackwood and of Raymond Blackwood, as widow and son, respectively, of deceased, but eventually formally acknowledged such status. Collateral relatives of deceased filed objections to probate of his will. The executor now moves to dismiss such objections. The court took proof of the status of the alleged widow and son. It is obvious that if there is a widow and son collateral relatives who claim only as distributees have no standing to contest the will.

The proof establishes that Raymond Blackwood and Anastasia Lillian McLaughlin cohabited. Out of that cohabitation there were

born three or four children, only one of whom survived deceased. Baptismal and birth records offered in evidence give the name of the father of these children of Anastasia Lillian McLaughlin as John R. or John Raymond Blackwood. " John " was not part of deceased's name. A physician testified that he attended the alleged widow on the occasion of at least one confinement and that deceased then present spoke of the doctor's patient as his wife. An employer of the alleged son testified that he knew deceased for many years and that on an occasion when he was in the company of his employee, the alleged son, he met deceased with a woman, the alleged widow, and was then and there introduced by his employee, the alleged son, to deceased as his father; and that he was then introduced by deceased to the woman accompanying him as deceased's wife. A janitress was called who testified to having known deceased and the alleged widow and to having rented them an apartment as Mr. and Mrs. Blackwood. Various other persons were called, all of whom were interested in the result of the litigation by reason of relationship to the alleged widow, and they testified quite at length about the maintenance of a household in which the alleged widow was known as Mrs. Blackwood and in which deceased was known as her husband.

Concededly there was no ceremonial marriage between Anastasia Lillian McLaughlin and Raymond Blackwood. There is no proof other than the lack of ceremonial marriage that the beginnings of their cohabitation were illicit. Counsel for the collateral relatives submits authorities which say that a presumption against marriage arises where the cohabitation was originally illicit and that in such circumstances there must be some proof of change of character of the cohabitation before marriage may be presumed from continued cohabitation. Without questioning the rule of law thus stated, it should be pointed out that the proof here is silent as to the character which the cohabitation originally had. We may suspect that it was illicit but upon that suspicion we may not predicate a finding that it was.

There is presented in this case the undeniable fact that a son of deceased is in existence. He claims to be legitimate. The collateral relatives say that he is illegitimate. The son claims the benefit of a presumption of legitimacy which is " one of the strongest and most persuasive known to the law." Chief Judge CARDOZO, in *Matter of Findlay* (253 N. Y. 1, 7), so characterizes the presumption of legitimacy, and while in the cited case he says (p. 13) that the court was there deliberately " pruning " from this presumption certain extravagances so as to render it " subject to the sway of reason," he nevertheless cited with approval (p. 7) two cases which

are controlling here (*Hynes* v. *McDermott*, 91 N. Y. 451, 458; *Matter of Matthews*, 153 id. 443, 446).

In *Hynes* v. *McDermott* (*supra*) the court says: " The presumption of marriage, from a cohabitation, apparently matrimonial, is one of the strongest presumptions known to the law. This is especially true in a case involving legitimacy. The law presumes morality, and not immorality; marriage, and not concubinage; legitimacy, and not bastardy."

In *Matter of Matthews* (*supra*) the court discusses various authorities; restates the above-quoted excerpt from *Hynes* v. *McDermott* (*supra*), and, speaking of the presumption of legitimacy, says (p. 447): " While the question of legitimacy has most frequently arisen where marriage was claimed or proved, and the non-access of the husband, or the validity of the marriage was at issue, still it is manifest that the presumption of legitimacy is not limited to cases involving those questions. It has a wider application and applies to every case where the question is at issue. It is based upon broad principles of natural justice and the supposed virtue of the mother. It is a branch of that general rule of equity and justice which assumes the innocence of a person until there is proof of actual guilt, and whenever it is not inconsistent with the facts proved, this presumption is controlling. If a former marriage is necessary to sustain the presumption, it will be assumed until contrary proof is given."

Against this strong presumption of the legitimacy of Raymond Blackwood is urged the fact that deceased maintained a residence with his mother and other members of his immediate family until he died; that he (or someone else) added for purpose of concealment the name " John " to his genuine name when the data for the birth certificates and the baptismal certificates were furnished; that he reported himself as single in his account with the bank; and that he consistently registered for voting purposes from addresses other than those of the alleged widow and claimed in all such registrations that he was a single man.

The court is of opinion that these factors do not suffice to overcome the presumption of legitimacy of the son. That legitimacy assumes marriage between Anastasia Lillian McLaughlin and deceased.

It follows that objectants are not parties interested in the estate. Their objections are dismissed.

Submit order accordingly.